UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOLOMON UPSHAW, <br><br> Plaintiff, <br><br> v. <br><br> PROGRESSIVE INSURANCE CO.; <br> PROGRESSIVE CORPORATION, <br><br> Defendants. | Civil Action No. 17-1969 (JEB) |

**MEMORANDUM OPINION**

Plaintiff Solomon Upshaw filed this *pro se* action to recover damages for the wrongful death of Alma Upshaw (presumably a relative), who was killed in a car accident in Columbus, Georgia, in 1993. Plaintiff seeks $8,000,000 in damages from Progressive Insurance Co. and Progressive Corporation in an opaque Complaint that mentions wrongful death, negligence, and possible constitutional claims. The Progressive Defendants now move to dismiss, arguing that the Court cannot exercise personal jurisdiction over them and that all causes of actions are barred by the relevant statutes of limitations. The Court, finding that Plaintiff lacks standing and that Defendants' arguments are sound, will grant the Motion.

**I.  Background**

Although the allegations are difficult to decipher, the Court, as it must at this stage, sets out the facts as provided in the Complaint and accompanying exhibits. Complaints filed by *pro se* parties are "h[e]ld to less stringent standards than those applied to formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).

On June 19, 1993, a motor vehicle driven by Alexander Alarcon struck Alma Upshaw's car at an intersection in Columbus, Georgia. See ECF No. 1 (Complaint) at 1. She died less than two hours after the crash in a local hospital. See ECF No. 1, Exh. A (Upshaw Exhibit) at 9. Plaintiff alleges that Alarcon, though not listed as a party to this action, operated his vehicle negligently at the time of the accident. See Compl. at 2. Although the Complaint never explains Progressive's role or indicates whether it insured either driver, Plaintiff's Opposition does allege that the company insured Alma Upshaw. See ECF No. 6 at 6. On May 26, 1995, Alarcon sued Alma Upshaw's estate and Alma Rae Upshaw Doleman, as executor of her mother's estate, alleging that the decedent's negligence had directly caused his own injuries. See Upshaw Exh. at 2-5. The Complaint does not indicate the result of the Georgia tort action in Muscogee County Superior Court, but Plaintiff nonetheless included the pleading as part of the record. Id. at 2-7.

Now, 24 years later, Upshaw has filed this action against Progressive. He rests part of his claim for relief, however ambiguous, on the Georgia wrongful-death statute. See Compl. at 2. Construing the *pro se* Complaint liberally, the Court also finds that Plaintiff alleges a claim for negligence. See id. (seeking recovery for the "death of a human being result[ing] from a crime or from criminal or other negligence"). Finally, the Complaint mentions violations of equal-protection and due-process rights under the U.S. Constitution. Id. Upshaw seeks to recover $8,000,000, id., and Progressive now moves to dismiss for lack of personal jurisdiction and failure to state a claim. The Court will also consider the question of standing.

## II. Standard of Review

To survive a motion to dismiss under Rule 12(b)(1), Plaintiff bears the burden of proving that the Court has subject-matter jurisdiction to hear his claims. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992); U.S. Ecology, Inc. v. U.S. Dep't of Interior, 231 F.3d 20, 24

(D.C. Cir. 2000). A court also has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). "For this reason, 'the [p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." Id. at 13-14 (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1987) (alteration in original)). Additionally, unlike with a motion to dismiss under Rule 12(b)(6), the Court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." Jerome Stevens Pharm., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005); see also Venetian Casino Resort, L.L.C. v. EEOC, 409 F.3d 359, 366 (D.C. Cir. 2005).

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss a suit if the court lacks personal jurisdiction over it. The plaintiff bears the burden of establishing personal jurisdiction. See FC Inv. Grp. LC v. IFX Mkts., Ltd., 529 F.3d 1087, 1091 (D.C. Cir. 2008). In deciding whether the plaintiff has shown a factual basis for personal jurisdiction over a defendant, the court resolves factual discrepancies in favor of the plaintiff. See Crane v. N.Y. Zoological Soc'y, 894 F.2d 454, 456 (D.C. Cir. 1990). When personal jurisdiction is challenged, "the district judge has considerable procedural leeway in choosing a methodology for deciding the motion." 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1351 (3d ed. 2004). The court may rest on the allegations in the pleadings, collect affidavits and other evidence, or even hold a hearing. Id.

Under Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss a claim for relief when the complaint "fail[s] to state a claim upon which relief can be granted." In evaluating a motion to dismiss, the Court must "treat the complaint's factual allegations as true and must

3

grant [the] plaintiff the benefit of all inferences that can be derived from the facts alleged." Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (citation and internal quotation marks omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A court need not accept as true, however, "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the complaint. Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, [if] accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (internal quotation omitted). A plaintiff may survive a Rule 12(b)(6) motion even if "recovery is very remote and unlikely," but the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555-56 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

**III.  Analysis**

As jurisdictional issues take precedence, the Court will direct its attention first to whether Plaintiff has standing to bring this suit and whether personal jurisdiction over Defendants exists. It will then consider the merits of Plaintiff's state-law and constitutional claims.

A. Standing

Although never mentioned by Progressive, the standing of a party to sue "can be raised at any point in a case proceeding and, as a jurisdictional matter, may be raised, *sua sponte*, by the court." Cierco v. Mnuchin, 857 F.3d 407, 415 (D.C. Cir. 2017) (quoting Steffan v. Perry, 41 F.3d 677, 697 n.20 (D.C. Cir. 1994)). In order to file a claim on behalf of an individual not present in the litigation, a plaintiff must allege a legally cognizable relationship between that

4

party and himself. See Fed. R. Civ. P. 17(a). He is otherwise not a real party in interest. Claims filed on behalf of an estate, for example, must be brought by the designated personal representative. Id. "The term personal representative is strictly construed under D.C. law to mean only the decedent's executor or administrator." Estate of Manook v. Research Triangle Inst., Int'l & Unity Res. Grp., LLC, 693 F. Supp. 2d 4, 17 (D.D.C. 2010) (internal citation omitted). Alarcon's Complaint filed with the Muscogee County Superior Court, which is included as part of Plaintiff's exhibits, specifies that Alma Rae Upshaw Doleman, not Plaintiff, served as executor of Alma Upshaw's estate. See Upshaw Exh. at 2. Plaintiff does not refute that fact, nor does he provide any evidence that he currently serves (or at any time served) as the personal representative of the estate. He thus cannot show an invasion of his legally protected interests – a prerequisite for standing. See Lujan, 504 U.S. at 560. The Court must therefore dismiss the case on that ground alone.

    B.  Personal Jurisdiction

Even if Plaintiff did have standing to bring suit here, Progressive points out that this Court lacks personal jurisdiction over it. When a defendant does not reside in the District of Columbia, the Court may exercise personal jurisdiction only if it is both empowered by D.C.'s long-arm statute and permitted by the Constitution's Due Process Clause. See United States v. Ferrara, 54 F.3d 825, 828 (D.C. Cir. 1995); Daley v. Alpha Kappa Alpha Sorority, Inc., 26 A.3d 723, 727 (D.C. 2011); see also Fed. R. Civ. P. 4(k)(1)(A). D.C.'s long-arm statute has been "'given an expansive interpretation' that is 'coextensive with the due process clause.'" Helmer v. Doletskaya, 393 F.3d 201, 205 (D.C. Cir. 2004) (quoting Mouzavires v. Baxter, 434 A.2d 988, 992 (D.C. 1981)). The Court, accordingly, considers whether an exercise of personal jurisdiction in this case would stay within constitutional confines.

Personal jurisdiction may take the form of general or specific jurisdiction. The former exists where a non-resident defendant maintains sufficiently systematic and continuous contacts with the forum state, regardless of whether those contacts gave rise to the claim in the particular suit. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414–15 (1984). For corporations, general jurisdiction may be asserted if the forum is one in which the corporation is "fairly regarded as at home," which has been defined as generally being either its "place of incorporation" or its "principal place of business." Daimler AG v. Bauman, 134 S. Ct. 746, 760 (2014) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011)). Here, Progressive is incorporated under the laws of Ohio and operates its principal place of business in Mayfield Village, Ohio. See Motion at 22. As Plaintiff has alleged no facts to support the contention that Progressive is essentially at home in the District of Columbia, general jurisdiction cannot be found here.

This leaves the possibility of specific jurisdiction. "In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." Goodyear, 564 U.S. at 919 (citation omitted). In other words, specific jurisdiction exists where a claim arises out of the non-resident defendant's contacts with the forum. See Helicopteros, 466 U.S. at 414 n.8; Ferrara, 54 F.3d at 828. Upshaw's claim for relief concerns an alleged wrongful death that occurred in Georgia in 1993, and he fails to allege any relevant contact with the District of Columbia. Because the underlying activity has no connection with the District, Plaintiff cannot establish specific jurisdiction here. The Court must therefore dismiss on this ground as well.

C. Merits

Even if this Court had personal and subject-matter jurisdiction, Progressive contends that Plaintiff's wrongful-death, negligence, and constitutional claims are time-barred under both the Georgia and D.C. statutes of limitation. As the Court agrees, Upshaw would still come up short even if the merits questions could be reached.

The D.C. Code prescribes a three-year limit to actions for negligence, wrongful death, and constitutional claims. See D.C. Code § 12-301(8); see also Earle v. District of Columbia, 707 F.3d 299, 305 (D.C. Cir. 2012) ("the appropriate statute of limitation for a claim brought under [the Constitution] is that which the State provides for personal-injury torts") (citation omitted). This period begins to run upon the time of the actual injury or, if subject to the discovery rule, when "the plaintiff has knowledge of (or by the exercise of reasonable diligence should have knowledge of) (1) the existence of the injury, (2) its cause in fact, and (3) some evidence of wrongdoing." Firestone v. Firestone, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (quoting Knight v. Furlow, 553 A.2d 1232, 1234 (D.C. 1989)). Both the actual injury and all three elements prescribed by the discovery rule were readily apparent on June 19, 1993, the day of the car accident. As Plaintiff offers no reason for any type of tolling, his claims are untimely under the District's statute of limitations.

Similarly, Upshaw's wrongful-death claim, as alleged under Georgia Code Section 51-4-5, and any suit for negligence under Georgia law are subject to a two-year statute of limitations. See Ga. Code § 9-3-33. In Georgia, the statute of limitations "begins running at the time the victim of the negligent or wrongful act suffers death or injury resulting from such acts." Hanflik v. Ratchford, 848 F. Supp. 1539, 1544 (N.D. Ga. 1994). The date of accrual for these claims is once again June 19, 1993. Upshaw is thus similarly out of luck.

Finally, Upshaw's constitutional claims lack merit because the Constitution does not provide equal-protection and due-process recourse for "private conduct abridging individual rights." Nat'l Collegiate Athletic Ass'n v. Tarkanian, 488 U.S. 179, 191 (1988) (citation omitted); see also Jackson v. Metro. Edison Co., 419 U.S. 345, 349 (1974). Insofar as Plaintiff alleges a violation of these rights, he does not attribute that deprivation to state action. Any constitutional claims must thus be dismissed.

## IV. Conclusion

For the aforementioned reasons, the Defendants' Motion to Dismiss will be granted. An Order to this effect will issue this day.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date: November 27, 2017